UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80112-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

MICHAEL ORNELAS,

    Defendant.

## FACTUAL PROFFER

The United States Attorney's Office for the Southern District of Florida and the defendant, Michael Ornelas agree that, if this case were to proceed to trial, the government would be able establish a prima facie case of guilt against the defendant for the offense charged in the indictment, based upon the following undisputed facts:

1. Defendant Michael Ornelas was a locksmith by trade. His business included the sale and installation of safes, and he was experienced in opening and/or breaking into locked businesses and safes.

2. Between February 2018 and April 2018, the defendant met with and spoke with co-defendant Matthew Petruccelli (hereinafter referred to as the co-defendant) and others to discuss committing burglaries of business establishments. In particular the participants initially talked about traveling to the Chicago, Illinois area, to burglarize a particular marijuana dispensary, where, the defendant believed, a large amount of cash was being stored. The conversations and plan later shifted to committing a burglary of one or more

1

jewelry stores and returning to S. Florida to fence the property.

3. In a meeting on or about February 21, 2018, the defendant and co-defendant discussed taking a trip to Chicago in order to conduct reconnaissance of possible targets of the proposed burglary. They discussed renting a vehicle for the reconnaissance trip; including how much money they would need for fuel, purchasing iPhones, and discussed the possibility of using a recreational vehicle to transport the stolen property back to Florida.

4. On or about March 14, 2018, the defendant and co-defendant met in Davie, Florida and discussed purchasing a GPS, tablet, crowbar and saw.

5. On April 11, 2018, the defendant and co-defendant met in Davie, Florida and discussed their plan to leave that weekend to drive up to Chicago so that they would be there by Monday to start their reconnaissance on the marijuana dispensaries and jewelry stores. The co-defendant and another individual then traveled to a car rental company at the Fort Lauderdale Airport, and rented a car for their reconnaissance trip to Chicago.

6. On April 15, 2018, the defendant, co-defendant and a third individual departed South Florida in the rental car and began their car trip to Chicago, Illinois. On or about April 16 they arrived in the Chicago area and, for the next couple of days drove around to various marijuana dispensaries and jewelry stores. During the surveillance of the various locations, the defendant, co-defendant and another individual discussed and evaluated law enforcement traffic in those areas, civilian foot traffic, the structure of the buildings, parking surveillance, motion detectors, alarm systems, among various other potential pitfalls that might prevent them from breaking into the stores undetected. They also discussed the adjacent stores they would need to break into in order to gain access to the target stores. Eventually they settled on

a jewelry store located in a strip mall in Glen View, Illinois. Late in the night on April 17, the defendant and co-defendant returned to that particular jewelry store, at which time the defendant removed the cylinder off the lock from the rear door of a business adjacent to the jewelry store, and created a key so that they would have a key when they conducted the burglary of the jewelry store. The plan was to gain access to the adjacent business and then, after disabling any alarm systems, break through a wall to enter the jewelry store. The defendant and co-defendant returned to South Florida without committing the burglary.

7. In the early morning hours of May 17, 2018, the defendant and co-defendant departed South Florida in two rental vehicles, destined for Chicago for the purpose of conducting the pre-planned burglary. They arrived in the Chicago area in the afternoon of May 18, 2018. Late in the evening of May 18, they conducted surveillance at the target jewelry store in Glen View, Illinois. The plan was to do the burglary the next night, and transport the stolen merchandise in one of the rental vehicles, while the other rental vehicle would contain all of their equipment and tools used during the burglary. Upon arrival back to South Florida, these items would be placed in a storage facility that the co-defendant was to have obtained.

8. On May 19, 2018, at approximately 11:09 PM the defendant and co-defendant were arrested while sitting in their rental cars in the parking lot of the plaza in which the target jewelry store was located. The rental cars were seized and searched. Inside the vehicles, agents recovered several pairs of gloves, a costume mask, burglary tools, optic scopes, two –way radios, a police scanner, multiple drills and bits as well as other items. In a post arrest statement, PETRUCCELLI admitted his involvement in a plan to burglarize the jewelry store.

9. Had the jewelry store burglary been successful, the store would have lost more than $5000 in property.

3

10. In addition to the physical evidence described above, the United States has recorded conversations of the conspirators, testimony of a cooperating witness and testimony of law enforcement agents who conducted surveillance of the defendants during their trips to Chicago.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 9\13\18    By: _____
ROGER H. STEFIN
ASSISTANT UNITED STATES ATTORNEY

Date: 9/13/18    _____
ROBERT ADLER, ESQ.
ATTORNEY FOR DEFENDANT

Date: 9-13-18    _____
MICHAEL ORNELAS
DEFENDANT